FILED
SUPERIOR COURT
OF GUAM

2018 MAR 23 PM 2: 19

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0446-15 |
| vs. | |
| SIRES RESIN SUDA, | **DECISION AND ORDER** (Defendant's *ex parte* Motion to Vacate Conviction) |
| DOB: 09/02/1984 | |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 21, 2018 on Defendant Sires Resin Suda's ("Defendant") *ex parte* Motion to Vacate Conviction. Attorney Leevin T. Camacho appeared on behalf of the Defendant. Attorney Rogelio G. Batarao, Jr. appeared on behalf of the People of Guam ("People"). Upon review of the oral and written arguments, and legal authorities presented by the Parties, the Court hereby **GRANTS** the Defendant's Motion to Vacate Conviction.

## BACKGROUND

The Court finds, the Defendant moved to Guam from the Federated States of Micronesia ("FSM") with his family in 1996 at the age of ten. Suda Decl. ¶ 2 (Mar. 13, 2018). The Defendant is

*ORIGINAL*

CF0446-15 People of Guam vs. Sires Resin Suda
DECISION AND ORDER (Defendant's *ex parte* Motion to Vacate Conviction)
Page 1 of 9

a citizen of the FSM, but has only returned to his home-country once since 1996. Id. at ¶ 5. All of the Defendant's brothers and sisters, and his five children live on Guam. Id. at ¶¶ 3-4.

On August 7, 2017, the Defendant entered a plea of guilty to the sole charge against him in the Indictment, **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, in violation of 9 GCA §§ 67.401.2(a) and (b)(1). Order After Hearing ("OAH") 1-2 (Aug. 11, 2017). Because the Defendant changed his plea from not guilty to guilty pursuant to a Deferred Plea Agreement ("DPA") with the People, the Court[1] deferred acceptance of the Defendant's plea of guilty for a period of two (2) years. OAH 1-2 (Aug. 11, 2017); DPA 2-4 (Aug. 11, 2017). During the deferral period, the Court imposed several conditions on the Defendant which were required to be completed prior to the agreed upon dismissal and expungement. Id. the Conditions were to be monitored by the Court through the probation services division. DPA 4 (Aug. 11, 2018).

During the Court's colloquy with the Defendant at the Change of Plea Hearing on August 7, 2017, the following exchange took place:

| | |
|---|---|
| Court: | Are you a U.S. Citizen? |
| Defendant: | No. |
| Court: | Has there been immigration counseling? |
| Counsel for Defendant:[2] | I checked with the assigned attorney before coming over judge, she indicated there had been appropriate counseling. |
| Court: | Thank you for that response. |

Change of Plea Hearing 2:17:25 p.m. to 2:17:34 p.m. (Aug. 7, 2017). The DPA also stated *inter alia*,

---

[1] The Defendant changed his Plea before the Honorable Vernon P. Perez who was the Judge assigned to the Superior Court of Guam Adult Drug Court, and thus to this matter, during August 2017. In January 2018, the undersigned succeeded Judge Perez as the Judge assigned to the Adult Drug Court.

[2] The Alternate Public Defender was appointed to represent the Defendant on July 24, 2015, and represented the Defendant during the plea agreement negotiation period and change of plea hearing. Assistant Alternate Public Defender John P. Morrison appeared with the Defendant at the Change of Plea Hearing on August 7, 2017. Attorney Leevin T. Camacho filed the instant *ex parte* Motion on March 13, 2018, and subsequently filed an Entry of Appearance substituting as counsel for the Defendant on March 21, 2018.

"1. The Defendant, having been advised, understands the following: . . . g. that if the Defendant is an alien, Defendant's guilty plea may have immigration consequences, including deportation, and that the defendant has been counseled as to any impact on the Defendant's immigration status."

DPA 1-2 (Aug. 2, 2017). The Defendant states that he met with then-Assistant Alternate Public Defender Eric Overton on two occasions prior to his change of plea hearing, and that Mr. Overton told him that he "could only be deported if [he] did not complete the terms of the agreement." Suda Decl. ¶ 8 (Mar. 13, 2018).

According to current Counsel for the Defendant, subsequent to the Change of Plea Hearing, the Defendant was placed in federal removal proceedings based on the Defendant pleading guilty to a controlled substance-related crime, and the Court imposing conditions during the deferral period. Camacho Decl. (Mar. 13, 2018). The Defendant asserts that he would have insisted on trial had he known that he would be deported if he pled guilty. Suda Decl. ¶ 13 (Mar. 13, 2018).

The Court held a hearing on the *ex parte* Motion to Vacate Conviction and took the matter under advisement on March 21, 2018.

## DISCUSSION

The Defendant seeks to withdraw his plea based on ineffective assistance of counsel. Specifically, the Defendant states trial "counsel failed to inform him that pleading guilty to Possession of a Schedule II Controlled Substance (As a Third-Degree Felony) – even as part of a deferred plea agreement – made deportation presumptively mandatory." Def's *ex parte* Mot. Vacate Conviction 1 (Mar. 13, 2018). The Defendant posits "based on the lack of advice regarding the specific immigration consequences of his plea, his plea was not made knowingly and voluntarily." Id.

In opposition, the People argue that because the co-defendant in this matter pled guilty and was deported prior to the Defendant's change of plea, the Defendant should have raised this issue earlier. See People's Response to Def's *ex parte* Mot. Vacate Conviction 3 (Mar. 21, 2018). The People further argue that the only evidence offered to vacate the plea is the Defendant's self-serving statements, and since the Defendant bears the burden to show ineffective assistance of counsel, he

has not met his burden. Id. at 3-4. Finally, the People argue that even if the Defendant can show ineffective assistance of counsel, the Defendant has not shown prejudice. Id. at 6.

A Defendant's right to counsel is derived from the Sixth Amendment to the United States Constitution, which provides in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. The Organic Act of Guam extends the Sixth Amendment Right to Counsel to Guam. See 48 U.S.C.A. § 1421b(g) (West 2018). The seminal case of, Strickland v. Washington, 466 U.S. 668 (1984), is used by courts to analyze claims of ineffective assistance of Counsel under the Sixth Amendment. See e.g. People v. Meseral, 2014 Guam 13 ¶¶ 44-49; see also People v. Ueki, 1999 Guam 4 ¶¶ 4-16. Further, the right to counsel extends to representation during the negotiation of and entrance into a plea agreement. See Padilla v. Kentucky, 559 U.S. 356, 374 (2010); see also, Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). The defendant bears the burden of proof to show that her attorney's representation (1) "fell below an objective standard of reasonableness," and (2) "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687-88.

Thus the Court is confronted with two issues. First, whether the Defendant's representation by trial counsel with regard to the immigration-related counseling fell below an objective standard of reasonableness; and second, if trial court's representation was deficient, whether such deficient representation prejudiced the defense. Each issue is discussed separately below. Because the Court finds the Defendant has sufficiently shown both deficient representation and prejudice, the Court concludes the Defendant should be allowed to withdraw his plea of guilty in this matter.

a.    **Whether Defendant's Then-Counsel's Representation Fell Below an Objective Standard of Reasonableness.**

In the immigration context, the immigration-related consequences of potential criminal convictions is critical information the accused noncitizen is entitled to because ". . . as a matter of federal law, deportation is an integral part, indeed, sometimes the most important part – of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes." Padilla, 559 U.S. at 364. Therefore the Supreme Court of the United States has held noncitizens may bring

ineffective assistance of counsel claims for counsel's failure to reasonably inform the Defendant of the immigration-related consequences of their guilty plea. Padilla, 559 U.S. at 366. Specifically, the Supreme Court has made clear that defense counsel must inform defendants of the risk of deportation resulting from conviction of certain crimes because "preserving the client's right to remain in the United States may be more important to the client than any potential jail sentence." Id. at 368, 374 (citations and quotations omitted).

However, the Supreme Court has also recognized immigration law is complex and can itself form an area for practitioners to specialize in. Id. at 369. Thus the Court laid out what is reasonably expected of the defense bar in these types of cases. For purposes of defense counsel's duty to inform noncitizen defendants of immigration-related consequences of certain criminal convictions, the Supreme Court has distinguished between two categories of cases, stating:

> "When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. **But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear.**"

Padilla, 559 U.S. at 369 (**emphasis added**). Interpreting this language, the Ninth Circuit has held, "where the law is succinct, clear and explicit, that the conviction renders removal virtually certain, counsel must advise his client that removal is a virtual certainty." U.S. v. Rodriguiez-Vega, 797 F.3d 781, 786 (9th Cir. 2015) (Citing Padilla, 559 U.S. at 374).Therefore this Court must determine whether or not the deportation consequence facing the Defendant based on the conviction here was virtually certain based on the applicable federal immigration law.

A noncitizen who is convicted of **any** crime relating to a controlled substance is rendered deportable, and inadmissible or ineligible to return to the United States upon conviction. See 8 U.S.C. §§ 1227(a)(2)(B)(i), 1182(a)(2)(A)(i)(II). Further, as used in Section 1227 with respect to an alien, conviction includes the disposition of a criminal charge even ". . . if adjudication of guilt has been withheld, where . . . the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. 1101(a)(48)(A).

The statutes cited above apply to this case on their face. There is no reasonable reading which would lead to a conclusion other than that the Defendant was rendered deportable and inadmissible once he changed his plea to guilty to the charge of Possession of a Schedule II Controlled Substance. The Defendant pled guilty to a controlled substance-related crime. The Court imposed conditions on the Defendant's liberty via the provisions of the DPA and the OAH. Thus for purposes of the statute the Defendant was convicted, and therefore deportable and inadmissible.

As in Padilla, Counsel for Defendant here could have easily determined that the Defendant's plea would make deportation, and indefinite inadmissibility for legal return, virtually certain by reading the statutes. Thus under Strickland, Padilla, and Rodriquez-Vega as laid out above, the Defendant's counsel had an obligation to clearly inform the Defendant that his entering a plea of guilty, even if the Court deferred accepting the plea, rendered him immediately eligible for deportation, and that removal was a virtual certainty.

The Court does note that the court hearing the change of plea did inquire as to the Defendant's citizenship, and a representative from the Alternate Public Defender's office confirmed the Defendant had received appropriate immigration-related counseling. However, as discussed more fully in the prejudice analysis below, the Defendant's entering a guilty plea anticipating said plea would be deferred, with the potential for dismissal and expungement, and with conditions to be monitored here in Guam simply does not indicate the Defendant was informed of or knew the immigration-related consequence of his plea. Further the paragraph in the DPA only indicated the Defendant might be deportable. Having found above that the Defendant being rendered deportable was clear and that removal was a virtual certainty under applicable law, the Court finds the paragraph in the DPA is not sufficient to save the conviction under these facts.

Thus, considering the facts as presented, the Court finds counsel for Defendant did not inform Defendant of his immediate eligibility for deportation and the virtual certainty of his removal once he changed his plea to guilty. Rather, according to Defendant, what seems to have occurred was at the time of plea, Defendant was entering the plea of guilty based on a misstatement of the law by counsel. The Court finds the Defendant was incorrectly told that if he completed his conditions,

he would not be deportable. Thus the Court finds then counsel's representation fell below the objective standard of reasonableness the defense bar is obligated to adhere to under Strickland, Padilla, and Rodriguez-Vega.

**b.     Whether Defendant was Prejudiced by the Deficient Representation of Counsel.**

Having found that Counsel for the Defendant's representation was deficient, the Court now addresses whether the deficient representation prejudiced the defendant. To satisfy the prejudice requirement, the Defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Put another way, the Defendant must "convince the court that a decision to reject the plea would have been rational under the circumstances." Padilla, 559 U.S. at 372. However, the Court cannot rely solely on "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," instead the Court must "look to contemporaneous evidence to substantiate a defendant's expressed preferences." Lee v. U.S., 137 S.Ct. 1958, 1967 (2017).

A Defendant can "demonstrate a reasonable probability by showing that she settled on a charge in a purposeful attempt to avoid an adverse effect on her immigration status." Rodriguez-Vega, 797 F.3d at 789. In Rodriguez-Vega, the defendant came to the U.S. at twelve years old. Id. at 784. The defendant was charged with Felony Attempted Transport of Illegal Aliens and Aiding and Abetting. Id. The defendant rejected an initial plea bargain which contained a stipulated removal provision and later accepted the bargain after the provision was removed. Id. However the court found her conviction based on the plea bargain still rendered her removal 'practically inevitable.' Id. at 786. The Court considered the issue of ineffective assistance of Counsel under the Padilla/Strickland test laid out above.

The Court found prejudice, reasoning the facts "demonstrate [the defendant] placed a particular emphasis on preserving her ability to remain in the United States, and that had she known that her removal was a virtually certain she would have acted rationally in rejecting the second plea agreement and going to trial." Id. at 790. The Court emphasized the defendant's counsel told the defendant she had a better chance with immigration if she only had a misdemeanor conviction rather

than a felony. Id. The Court reasoned the defendant specifically chose a plea that limited her chance of removal, and "but for her counsel's failure to provide adequate advice, she would have negotiated a plea bargain not requiring her removal." Id. The Court pointed out the defendant made a concerted effort to stay in the U.S. to avoid separation from her family by rejecting the initial plea agreement and she also "placed great emphasis on remaining in the United States during conversations with her counsel." Id.

The Court has no trouble similarly finding prejudice to the Defendant resulted here. First, as in Rodriguez-Vega, the Defendant was brought to Guam at the age of ten (10). His parents, all his brothers and sisters, and his five children all live on Guam. He has only been to Federated States of Micronesia once since moving to Guam in 1996. Further, he relied on his attorney's statement that he would not be deported if he completed the conditions laid out in DPA. The circumstances here demonstrate the Defendant's intent to stay in Guam.

The Court is also compelled to find the Defendant intended to stay in Guam because the Defendant entered a DPA with the People. The agreement called for dismissal and expungement of the charge against the Defendant after a two year deferral period. The Court is utterly perplexed by how the Defendant would have knowingly agreed to conditions that would result in dismissal and expungement after two years, if he also knew that his removal and bar from returning to the United States was a virtual certainty.

Thus, the Court finds that there is a reasonable probability that had the Defendant properly been advised of the immigration-related consequences of his guilty plea, he would have sought a more favorable plea agreement, or insisted on trial. Therefore the Defendant was prejudiced by the ineffective assistance of counsel here and he should be allowed to withdraw his plea of guilty.[3]

///

///

---

[3] The Court also finds the Defendant's plea was not knowingly made in violation of the Defendant's Fifth Amendment right to due process. To comport with due process, the Defendant must have had "sufficient awareness of the relevant circumstances and *likely* consequences" of his guilty plea. People v. Van Bui, 2008 Guam 8 ¶ 11 (*emphasis added*). As discussed above, because the Court the Defendant agreed to conditions which would result in a dismissal and expungement under the DPA, the Court simply cannot see how the Defendant was aware his guilty plea carried the virtual certainty of deportation as a consequence.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** the Defendant's Motion to Vacate Conviction. The Court **ORDERS** the following:

1. The Defendant's request to withdraw his plea of guilty to the charge of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)** is hereby **GRANTED**.

2. To the extent the Court's deferral of accepting the Defendant's plea has the effect of a conviction, the Court's deferral of the Defendant's plea is hereby vacated.

3. The charge against the Defendant of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)** is thus reinstated and pending.

4. The Deferred Plea Agreement and Order After Hearing executed by the Court on August 7, 2017 and filed on August 11, 2017 are hereby **ORDERED** struck from the Court's file.

A **Criminal Trial Setting** for the Defendant is set for APR 0 4 2018 at 9:00a.m. .

SO ORDERED MAR 2 3 2018 .

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: Ay- L Camacho
Date: 3/23/18 Time: 230pm
Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

CF0446-15 People of Guam vs. Sires Resin Suda
DECISION AND ORDER (Defendant's *ex parte* Motion to Vacate Conviction)
Page 9 of 9